IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LARRY J. BROWN,

                     Plaintiff,

v.

GWEN SCHULTZ, ANN M.
SLINGER-YORK, MICHAEL A.
DITTMAN, BRIAN FOSTER, LUCAS
WEBER, TONY MELI, LINDSAY
WALKER, CO WOGERNESE, JON E.
LITSCHER, LINDA O'DONOVAN,
E. DAVIDSON, CATHY JESS, KALEN
RUCK, KRISTY SZELAGOWSKI, and
CHRISSY PRESTON,

                     Defendants.

ORDER

18-cv-123-wmc

    *Pro se* plaintiff Larry J. Brown filed this civil lawsuit pursuant to 42 U.S.C. § 1983, claiming that defendants have been violating his constitutional rights in failing to return his property to him after a conduct report was dismissed against him.

    This action is governed by the Prison Litigation Reform Act, which imposes certain conditions on the privilege of proceeding without paying the full filing fee up front. In particular, under the "three-strikes rule" set forth in 28 U.S.C. § 1915(g), if three or more of a prisoner's civil actions or appeals have already been dismissed while imprisoned as frivolous, malicious, or for failure to state a claim upon which relief may be granted, that prisoner is not allowed to bring a civil action in federal court without first paying the full filing fee. The sole exception to this rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury.

    On at least three occasions, Brown brought actions that were dismissed because they

were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Brown v.* Johnson, No. 94-cv-489 (W.D. Wis. July 1, 1994); *Brown v. Lang*, No. 95-cv-695 (W.D. Wis. Oct. 3, 1995); *Brown v. Husz*, No. 97-cv-129 (W.D. Wis. Feb. 28, 1997). Therefore, he cannot proceed *in forma pauperis* in this case unless the court concludes that his allegations show that he is in imminent danger of serious physical injury.[1] To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).

While plaintiff's complaint includes conclusory assertions that defendants have been sexually harassing and assaulting him, his complaint includes no allegations suggesting that such conduct is ongoing or that he is otherwise in imminent danger of serious physical injury. Rather, the allegations in the complaint recount Brown's inappropriate relationship with an employee of Waupun Correctional Institution ("Waupun") that took place when he was incarcerated there between 2012 and 2014; a conduct report Brown received after sending a letter to that employee's home address; Brown's subsequent efforts throughout 2016 to have staff at Columbia Correctional Institution ("Columbia") conduct an investigation into that employee's inappropriate

---

[1] The court has also dismissed two other lawsuits brought by Brown, since he had not met the imminent danger requirement and failed to pay the full filing fee. *Brown v. Litscher*, No. 17-cv-575-wmc, dkt. #10 (W.D. Wis. April 12, 2019); *Brown v. Walker*, No. 18-cv-131, dkt. #7 (W.D. Wis. April 12, 2019).

conduct; and a 2016 conduct report that resulted in the confiscation of his phone book, which has not been returned to him even though the conduct reports had been dismissed. Since these allegations do not begin to suggest that Brown is in imminent danger, he may not proceed with this action without prepayment of the full $400 filing fee under § 1915(g).

ORDER

IT IS ORDERED that:

1) Plaintiff Larry Brown's motion for leave to proceed (dkt. # 2) is DENIED pursuant to 28 U.S.C. § 1915(g). To proceed with his claims, Brown must submit the full filing fee of $400 by **May 6, 2019**. **If he fails to comply as directed within the time allowed, this case will be dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b).**

2) Plaintiff's motion to stay (dkt. #6) is DENIED.

Entered this 15th day of April, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3